IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRESSA J. MORRISON,

    Petitioner,                    2: 08 - cv - 3032 - MCE TJB

   vs.

DEBORAH L. PATRICK,

    Respondent.                ORDER

_____/

    This proceeding arises from a petition for writ of habeas corpus brought under 28 U.S.C. § 2254. Petitioner was appointed counsel in January 2009. An amended federal habeas petition was filed on October 9, 2009 which raised several claims. In Claim I of the amended federal habeas petition, Petitioner raised the following ineffective assistance of counsel claims: (1) failing to thoroughly investigate and evaluate available evidence of Petitioner's psychosis; (2) failing to research or consult with any outside expert on the evidence that was uncovered; (3) failing to investigate or retain another expert on the results of the blood test of Petitioner which reported less than 10 nanograms per milliliter of methamphetamine in her blood; and (4) failing to make proper objections to preserve Petitioner's rights. (See Pet'r's Am. Pet. at p. 24.) On December 8, 2009, Respondent filed her answer which included an argument that Petitioner failed to exhaust Claim II and some of her claims within Claims I. (See Respt's Answer at p.

17.)

On June 28, 2010, Petitioner filed her traverse. In that filing, Petitioner admitted that several of her claims in the amended habeas petition were unexhausted (See Pet'r's Traverse at p. 1-2 ("[P]etitioner admits that much of claim one remains unexhausted in the state courts, she has not yet filed an exhaustion petition therein as the investigation is not yet complete. Once it is, which should be soon, counsel fully intends to promptly file an appropriate exhaustion in the state court and request that this petition be stayed while the new claims are exhausted in state court."). On November 22, 2010 (the same day that this matter was transferred to the undersigned), Petitioner filed a "status report." (Dkt. No. 39.) In that "status report," Petitioner stated that the factual investigation on the new claims had been completed.

In light of Petitioner's admission in her traverse that several arguments within her amended habeas petition had not been exhausted[1] and her statement that she intended to exhaust

---

[1] Petitioner's own amended federal habeas petition also appears to make this admission, albeit implicitly. For example, the amended federal habeas petition illustrates that Petitioner did not raise an ineffective assistance of counsel to the California Supreme Court on direct appeal. (See Pet'r's Am. Pet. at p. 9; see also Respt's Lodged Doc. No. 5.) Furthermore, the only ineffective assistance of counsel claim Petitioner raised in her state habeas petition to the California Supreme Court that is in this record was that she "was denied the effective assistance of counsel, due process and a full and fair trial because my trial attorney did not retain an expert to assist with the guilt trial and the sanity trial." (See Resp't's Lodged Doc. 8 at p. 3.) Petitioner argued the following facts in support of her state habeas petition on this ineffective assistance of counsel:

> I am a first-time offender and was convicted of first degree premeditated murder, premeditated attempted murder and three counts of aggravated assault, all with firearm discharge enhancements. The central issue at the guilt phase trial was whether my mental state was incompatible with malice aforethought, premeditation and deliberation due to Post Traumatic Stress Disorder. Defense counsel did not retain an expert to testify for my defense, but called as witnesses only the psychologists directly appointed by the trial court to assess sanity. I pled Not Guilty by Reason of Insanity and was found sane after one jury hung and a second jury trial was held. At these two trials, again, defense counsel did not retain an expert to testify for the defense. The only experts who testified were appointed by the court and all opined that I was sane. My appellate attorney contacted expert witnesses who were of the opinion that the facts of my case would

those claims in state court and file a motion to stay and abey these federal habeas proceedings pending the outcome of the state habeas proceedings, Petitioner was ordered on January 4, 2011 to either file a motion to stay or abey or inform the court that she decided that she would not file a motion to stay and abey.  On January 19, 2011, Petitioner filed another "status report."  She stated, in part, that she would not file a motion to stay and abey "as there are no claims to be brought that have not already been fully exhausted in the state courts."  In light of Petitioner's previous admission in her traverse that several claims contained in the amended federal habeas petition were not exhausted, the January 19, 2011 "status report" is confusing insofar as it may be interpreted to mean that the previously unexhausted arguments within the amended federal habeas petition have now been exhausted since the traverse was filed.  However, the case file lacks any record in the form of petitions, responses, orders, opinions etc., from the state courts which indicate that these arguments should now be deemed exhausted.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall file corresponding petitions, responses, replies and orders/opinions filed in the state courts regarding Petitioner's unexhausted federal habeas claims as admitted by Petitioner in her traverse and contained in her amended federal habeas petition within twenty-one (21) days of this Order to the extent that they have not already been filed in this Court;

3. Should Petitioner not file these items within twenty-one (21) days of this Order, then within twenty-one (21) days, Petitioner shall either:  (1) file a motion to stay and abey this federal habeas action pending exhaustion of the unexhausted claims

---

likely support a strong mental state defense based on diminished actuality and a finding that I did not know right from wrong or understand the nature and quality of my acts.  If I had such witnesses I would not have been convicted or I would have been found insane at the time fo the crimes.

(See id.)

in the state courts; (2) inform the court that she wishes to proceed only on exhausted claims within the federal habeas petition (in which case the Petitioner shall inform this Court which unexhausted claims should be deemed stricken from the amended habeas petition); or (3) inform the court that she wishes the court to proceed on her amended federal habeas petition as is.

DATED:  February 2, 2011

                                        TIMOTHY J BOMMER
                                        UNITED STATES MAGISTRATE JUDGE